## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SWAN TRANSPORTATION CO.,<br><br>Debtor. | Chapter 11<br><br>Case No. 01-11690 (BLS)<br><br>Jointly Administered |
| RICHARD SMITH, MARK LITTLE, AND<br>LARRY GARRETT,<br><br>Plaintiffs,<br><br>v.<br><br>W.D. HILTON, JR., TRUST SERVICES, INC.,<br>JAMES A. HUGUENARD, AND RANDALL D.<br>GROOMS, JR.,<br><br>Defendants. | Adv. Proc. No. 17-50053 (BLS)<br><br><br>**Re: Docket Nos.** 5, 6, 7, 81, 82, 83, 88, 89,<br>92, 93, 94, 96, 97, 98, 108, 109, 110, 111,<br>112, 114, 115, 117, 118, & 120 |

Eric M. Sutty, Esquire
Elliot Greenleaf, PC
1105 N. Market Street, Suite 1700
Wilmington, DE 19801

-and-

W. Todd Hoeffner, Esquire
Hoeffner Law
914 Preston, Suite 800
Houston, TX 77002

*Counsel to Plaintiffs*

Kevin J. Mangan, Esquire
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

Mark Sales, Esquire
David Reynolds, Esquire
Diamond McCarthy LLP
2711 N. Haskell Avenue, Suite 3100
Dallas TX 75204

-and-

Stephen T. Loden, Esquire
Diamond McCarthy LLP
Two Houston Center
909 Fannin Street, 15th Floor
Houston, TX 77010

*Counsel to Defendants*

## OPINION

Before the Court is the Motion filed by W.D. Hilton, Jr., Trust Services, Inc., James A.

Huguenard, and Randall D. Grooms, Jr. (collectively, the "Defendants" or "Trustees") to

Dismiss Plaintiff's Complaint (the "Defendant's Motion") [Adv. Docket No. 81]. Richard Smith,

Mark Little, and Larry Garrett (collectively, the "Plaintiffs") oppose the Motion [Adv. Docket

No. 88]. The Plaintiffs have also filed their own Motion to Dismiss [Adv. Docket No. 92], which

the Trustees oppose [Adv. Docket No. 114].[1] For the reasons stated below, the Court will

GRANT the Trustees' Motion in part and DENY the Plaintiffs' Motion.

## BACKGROUND

Swan Transportation Company (the "Debtor") filed a Chapter 11 petition on December

20, 2001. For many years preceding the petition, Tyler Pipe and Foundry, one of Debtor's

subsidiaries, used asbestos and silica in the manufacture of a variety of its products. Many of the

employees who worked with those materials suffered injuries and brought tort claims against the

Debtor, eventually forcing it to seek Chapter 11 protection. As is common in bankruptcy cases of

this stripe, the prepackaged plan (the "Plan") [Docket No. 47] created an asbestos/silica litigation

trust (the "Trust") which was designed to provide for the claims of future claimants once their

asbestos or silica related injuries were diagnosed. This Court entered an Order confirming the

Plan on July 21, 2003 (the "Confirmation Order") [Docket No. 455]. The record further reflects

that the Trust was funded with cash and securities to provide for recovery on claims against the

Debtor relating to asbestos or silica exposure. Defendants Randall Grooms, W.D. Hilton, and

James Huguenard were appointed in 2003 to serve as Trustees under the Trust, and each has

---

[1] The Trustees have also filed a Motion to Strike Plaintiffs' Exhibits [Adv. Docket No. 96], or otherwise set aside and ignore improper exhibits attached to the Plaintiffs' Response. The Trustees argue that the Motion to Dismiss raises solely matters of law to be determined without consideration of evidence related to Plaintiffs' underlying claims. Given the Court's decision on Trustees' Motion to Dismiss, the Motion to Strike is denied as moot.

continued in that capacity to this day. Defendant Trust Services, Inc. is a Texas corporation and was hired by the Trust to perform administrative functions for the Trust.

In May of 2015, each of the Plaintiffs filed claims with the Trust seeking payment on account of alleged injuries arising from exposure to asbestos while in the Debtor's employ. Plaintiff Mark Little's claim was deemed allowed and he was recognized as a beneficiary of the Trust. Consequently, the record reflects that the Trust paid him at the current percentage established under the Trust's claims resolution procedures. The record reflects that the personal injury claims of Messrs. Smith and Garrett have been rejected or disallowed by the Trust, which determined that they did not suffer from qualifying injuries. Messrs. Smith and Garrett assert that their claims were wrongfully denied, but as of the date of briefing the reconsideration and appeal process provided under the Trust has not been concluded as to their claims. Each of the Plaintiffs allege that the Trustees have breached statutory and fiduciary duties in their administration of the Trust.

The procedural history and posture of this matter is more than a little complicated. On May 20, 2016, all three Plaintiffs filed a complaint against the Trustees in the County Court of Law in Smith County, Texas (the "Texas State Court"). The Plaintiffs alleged a breach of fiduciary duty by the Trustees administering the Trust and requested several forms of relief, including disgorgement of Trustee fees and expenses, removal of the Trustees, appointment of a receiver for the Trust, and other equitable relief.

The Trustees filed a motion to remove that proceeding from the Texas State Court to the United States District Court for the Northern District of Texas (the "Texas District Court"). After removal, the Trustees filed a motion to transfer venue of the proceeding to this Court. The Plaintiffs objected to the venue transfer request and filed a motion to remand the dispute back to

the Texas State Court. Through comprehensive rulings by the United States Magistrate Judge, which were adopted by the Texas District Court, the Plaintiffs' motion to remand the matter was denied and the Trustees' motion to transfer venue was granted. The case was transferred to the United States District Court for the District of Delaware, and subsequently referred to this Court.

There are a number of motions before this Court. The Trustees filed a Motion to Dismiss Plaintiffs' Complaint [Docket No. 81] along with a Motion to Strike Plaintiffs' Exhibits [Docket No. 96]. In their Motion to Dismiss, the Trustees request that the Court dismiss Plaintiffs' complaint in its entirety, with prejudice, and without leave to amend. The Plaintiffs have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Alternatively, to Abstain [Docket No. 92]. By their Motion, the Plaintiffs request that this Court remand the case back to the Texas State Court either by abstaining in favor of that court, or by dismissing this adversary proceeding for lack of subject matter jurisdiction.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Plaintiffs have alleged this Court does not have jurisdiction, citing to numerous facts including that the bankruptcy case has been closed for nearly a decade, that the litigants herein are unrelated to the reorganized Debtor, and the outcome of this adversary proceeding will have no effect on the Debtors' reorganization Plan. This Court and the courts in Texas disagree. Bankruptcy courts "plainly [have] jurisdiction to interpret and enforce [their] own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). As noted by the Texas District Court and further discussed below, this matter relates to the interpretation and enforcement of this Court's Confirmation Order and thus constitutes a core matter under 28 U.S.C. § 157(b)(2). *In re FormTech Indus.*,

4

439 B.R. 352, 357 (Bankr. D. Del. 2010) ("Enforcement and interpretation of orders issued in core proceedings are also considered core proceedings within the bankruptcy court's jurisdiction.").

## THE PARTIES' POSITIONS

The Trustees argue that the case should be dismissed with prejudice under Rule 12(b)(6) for a variety of reasons. First, the Trustees argue that the Complaint should be dismissed because it was filed in violation of the *Barton* doctrine (discussed *infra*). Next, the Trustees assert that, since only Mr. Little has an injury claim recognized by the Trust, the other two Plaintiffs lack standing to sue. Finally, the Trustees contend that the Plaintiffs' suit is barred by the doctrine of *res judicata*: the Trustees contend that the time to challenge their appointment and the structure of the Trust was at confirmation in 2003.

The Plaintiffs respond that the *Barton* doctrine is inapplicable here, contending that the trustee of an asbestos trust is not the type of "trustee" protected by the *Barton* doctrine. Plaintiffs further argue that *res judicata* cannot preclude their claims arising from the alleged conduct of the Trustees in the years following their appointment. In their Motion to Dismiss, the Plaintiffs assert that the Court lacks subject matter jurisdiction and that the case should be remanded to the Texas State Court. Alternatively, the Plaintiffs argue that this Court must refrain from hearing this dispute under the principles of mandatory abstention.

## DISCUSSION

1.     **The Bankruptcy Court has Subject Matter Jurisdiction and Venue is
       Proper in This Court**

*(i)  Subject Matter Jurisdiction*

The Court turns first to Plaintiffs' request to dismiss this adversary proceeding for lack of subject matter jurisdiction. It is a fundamental proposition that a court possesses jurisdiction and

authority to assess whether it has subject matter jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628 (2002). Bankruptcy courts possess jurisdiction over matters "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The parties have briefed the issue of the Court's jurisdiction over matters "related to" these chapter 11 proceedings, and the Plaintiffs correctly note that the test for "related to" jurisdiction becomes more stringent in an action filed after the confirmation date. *In re Resorts Int'l Inc.*, 372 F.3d 154, 161 (3d. Cir. 2004). Under that heightened standard, a bankruptcy court lacks jurisdiction where the proceeding could not have "any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Courts have applied a variety of standards for determining post-confirmation jurisdiction, but "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Resorts*, 372 F.3d at 166.

The Court will address this issue in summary fashion, as the Texas District Court has already thoroughly analyzed and answered the question. The Texas District Court found in a series of rulings that the relief sought by Plaintiffs would directly implicate the terms of the Plan and the Confirmation Order. If successful, the Plaintiffs' requested relief would fundamentally alter the administration of the Trust. The Texas District Court observed:

> Plaintiffs' claims not only call into question the actions of the trustees negotiated for and confirmed as part of the trust agreement during reorganization, but also call for the removal of these trustees confirmed by the bankruptcy court.
>
> . . .
>
> [I]f Plaintiffs' claims are meritorious and the state court were to replace the trustees with a single receiver – as Plaintiffs request in their complaint – that action would contradict § 5.01 of the agreement confirmed by the bankruptcy court that states [t]here shall be three Trustees at all times . . . *[B]ecause Plaintiff's claims call into question the reorganization under chapter 11 through the creation of the trust, and specifically the appointment of the trustees, the claims are sufficiently related to*

6

*the bankruptcy proceeding* and this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) . . . *Plaintiffs' claims ultimately confer jurisdiction because they not only relate to, but call into question, specific orders and provisions of the trust* created out of the bankruptcy case were an integral component of the execution of the estate.

Order Adopting Report and Recommendation of Magistrate Judge, Adversary D.I. 44, p. 2 (citing Order and Recommendation of U.S. Magistrate, Judge Adversary D.I. 37; Trust Agreement, Adversary D.I. 31-1) (emphasis added).

Significantly, the Texas District Court noted the close relationship between this dispute and the "interpretation and implementation of the plan" and noted the outcome of this issue could "effectively require the re-writing of that plan." *Id.* at 4. This Court agrees with the reasoning and conclusions of the Texas District Court. The Confirmation Order effected the creation of the Trust and provided that it "shall be established in accordance with the Trust Documents." The Plaintiffs herein seek to materially revise the Trust Document [Docket No. 94], most tangibly by removing the Trustees and appointing a single receiver. Doing so would alter the terms of the Confirmation Order and Trust Document, which operate to define how trustees are selected and appointed. This adversary proceeding therefore bears a direct relationship on the enforcement of this Court's Confirmation Order. *Travelers,* 557 U.S. at 129.

In the alternative, this Court also has jurisdiction over this matter because the Trust is inextricably linked to the success of Debtor's Plan. As noted, the applicable standard that this Court must apply in determining if it has post-confirmation jurisdiction is whether disputes arising in connection to the Trust are matters with a "close nexus to a bankruptcy plan or proceeding." *Resorts,* 372 F.3d at 169.

Consistent with the sound conclusions of the Texas District Court, this Court finds that the pending disputes form a close nexus to the bankruptcy plan and this bankruptcy proceeding.

The Trust was created to deal with foreseeable asbestos and silica litigation that would occur on a post-confirmation basis. The success or failure of the Plan depended on the existence of the Trust and the diversion of future claimants to the Trust for claims resolution. If the Trust did not exist, or if it lacked the ability to properly deal with the claims, then the Debtor's Plan would have been untenable and possibly unconfirmable. Due to the necessity of the Trust for a successful Plan, the Court finds that the dispute arising in this matter bears a "close nexus to a bankruptcy plan or proceeding."

The Plaintiffs argue the ruling in *Resorts* mandates a finding that this Court lacks subject matter jurisdiction. However, the facts in *Resorts* are distinguishable from the facts at issue here. In *Resorts*, the trustee of a litigation trust brought an action against the accountant to the trust. The court-approved trust agreement did not appoint the accountant, but instead compelled the trustee to "retain an independent public accounting firm" to perform auditing services. *Resorts*, 372 F.3d at 158. When the trustee discovered the accountant had made several errors, he filed an action in the bankruptcy court for damages on behalf of the trust. On those facts, the Third Circuit found the bankruptcy court did not have jurisdiction to adjudicate the controversy because it did not require the court "to interpret or construe the plan or the incorporated litigation trust agreement." *Id.* at 169.

Unlike *Resorts* where the trustee independently retained the accountant, this Court's Confirmation Order established the Trust and appointed the Trustees. Also, the remedy sought in *Resorts* had no direct link to the bankruptcy proceeding—it involved a routine state law claim for money damages asserted against a third party. Plaintiffs herein seek removal of the Trustees and appointment of a receiver. If successful, the relief sought by the Plaintiffs would contravene the original terms of the Trust as this Court established them. The remedy sought by the Plaintiffs

8

therefore directly relates to the Confirmation Order and implicates this Court's authority to supervise its own appointed officers. *See In re Seven Fields Development Corp.*, 505 F.3d 237, 259 (2007), *quoting In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999) ("*Resorts* is unlike the situation here, where [appellants'] claims are claims against a court appointed professional for work performed during the bankruptcy case.").

The relief sought by the Plaintiffs therefore cuts to the very heart of the Confirmation Order and Plan because it relates to the officers appointed by this Court and to the procedures for appointing new trustees. As such, this matter "affects the interpretation . . . of a confirmed plan" and therefore falls squarely into the category of a post-confirmation matter in which "bankruptcy court jurisdiction is normally appropriate." *Resorts*, 372 F.3d at 169.

*(ii) Venue and Abstention*

This lawsuit was sent to this Court as a result of the Texas District Court's consideration and disposition of competing motions (i) to remand the litigation to the Texas State Court or (ii) transfer venue to this Court. The Court has analyzed the comprehensive decisions of the Texas District Court.[2] The Texas District Court observed that "Plaintiffs' claims directly call into question the interpretation and implementation of the plan, and would effectively require the re-writing of that plan to remove the trustees and grant Plaintiffs the relief requested in their complaint."[3] On that basis, that court transferred venue to this Court. Plaintiffs essentially ask that this Court bounce the litigation back to Texas.

---

[2] The Plaintiffs seek entry of an order remanding this case to Texas state court where it was originally filed. This Court refers to and relies upon three prior motions seeking remand that were denied by judges in the Eastern District of Texas. August 26, 2016 Report and Recommendation of U.S. Magistrate Judge, Adversary D.I. 37; October 26, 2016 Order Adopting Report and Recommendation of U.S. Magistrate Judge, Adversary D.I. 44; and January 6, 2017 Order Denying Motion to Reconsider, Adversary D.I. 50.

[3] United States District Court for the Eastern District of Texas. Case No. 65514-A. Doc. No. 37 at 5.

The United States Supreme Court has expressed disfavor of judicial ping-pong between federal courts. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819 (1988). A transferee court is obliged to avoid transferring cases back to a transferor court if the initial transfer decision was based upon plausible reasoning and facts. *Id.* at 819 ("[I]f the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."); *see also Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) ("The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated."). There are no facts that suggest there was any "clear conviction of error" necessary to justify disregarding the transferor court's decision to send the case here. This Court's own reading of *Pacor* and *Resorts* support the Texas District Court's decision to transfer the case. Plaintiffs' motion to transfer venue fails.

The Plaintiffs secondarily argue that remand is proper because the Court is subject to mandatory abstention. The statutory requirements for mandatory abstention are as follows:

> (1) the proceeding is based on a state law claim or cause of action;
> (2) the claim or cause of action is 'related to' a case under title 11, but does not 'arise under' title 11 and does not 'arise in' a case under title 11;
> (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case;
> (4) an action 'is commenced' in a state forum of appropriate jurisdiction; and
> (5) the action can be 'timely adjudicated' in a state forum of appropriate jurisdiction.

*In re Gen. Wireless Operations*, 2017 Bankr. LEXIS 4139, 5 (Bankr.D.Del. 2017) *citing Stoe v. Flaherty*, 436 F.3d 209, 213 (2006).

The Court finds that mandatory abstention does not apply to this case. As discussed above, the interpretation and enforcement of the Confirmation Order constitutes a core matter. The Plaintiffs have therefore failed to meet the second factor for a finding in favor of mandatory

abstention—namely that the claim is "related to" but does not "arise under Title 11." *Id.* As

Plaintiffs have failed to meet the second requirement, the Court need not reach the others.

However, as discussed more fully below, the Plaintiffs also have failed to meet the fourth

requirement: because the *Barton* doctrine applies, this matter was not "commenced in a state

forum of appropriate jurisdiction." *Id.* As the Plaintiffs have failed to satisfy all of the statutory

requirements, mandatory abstention is inappropriate and the Court denies Plaintiff's motion to

remand the case to state court.

**2.      The *Barton* Doctrine Applies to the Litigation Trustees, and Warrants Dismissal Without Prejudice**

The *Barton* doctrine prevents court-appointed trustees and receivers from being sued

without leave of the appointing court. *In re Summit Metals*, 477 B.R. 484, 494-95 (Bankr. D.

Del. 2012). The doctrine is rooted in a United States Supreme Court decision that prohibited

court-appointed receivers and trustees—acting in their official capacity—from being sued in any

forum other than the appointing court.[4] *See Barton v. Barbour*, 104 U.S. 126 (1881); *In re*

*VistaCare Grp.*, 678 F.3d 218, 222 (3d Cir. 2012) (holding that "the *Barton* doctrine continues to

apply to bankruptcy trustees"). Bankruptcy courts have held that the doctrine applies to trustees

appointed by the bankruptcy court to administer post-confirmation liquidation of the bankruptcy

estate. *See In re Summit Metals*, 477 B.R. at 489-98.

Here, the question is whether the *Barton* doctrine extends to trustees of a

post-confirmation asbestos trust. To answer this question, the Court considers the purposes of the

*Barton* doctrine and the potential effect that post-confirmation suits against asbestos litigation

trustees may have on the equitable and consistent disbursement of trust assets. By using a

---

[4] The *Barton* doctrine applies even when the suit is brought in the federal district court in the same district as the appointing bankruptcy court. *See Carroll v. Abide*, 788 F.3d 502, 505 (5th Cir. 2015).

functional analysis, this Court follows the lead of a number of other courts which have also

determined the proper scope of *Barton* based on its practical goals. *See, e.g., In re VistaCare

Grp.*, 678 F.3d at 228-231 (analyzing the continued relevance of the *Barton* doctrine and

rejecting formalistic arguments that it was superseded by statute because, among other reasons,

the policies animating the Barton doctrine continue to apply to bankruptcy proceedings); *Matter

of Linton*, 136 F.3d 544, 545-56 (7th Cir. 1998) (reasoning that the function of the *Barton*

doctrine justifies extending its protection to trustees post-confirmation); *In re Summit Metals*,

477 B.R. at 498 (determining that an initial, unauthorized filing is "what the doctrine seeks to

prevent").

Specifically, the Third Circuit has described the purposes of *Barton* as follows:

> The Barton Court explained that a court approval requirement was
> necessary to ensure a consistent and equitable administration of the
> receivership property. Because a judgment against the receiver in
> his capacity as receiver would be satisfied out of the receivership
> property, the effect of a suit brought without leave to recover such a
> judgment would be "to take the property of the trust from [the
> receiver's] hands and apply it to the payment of the plaintiff's claim,
> without regard to the rights of other creditors or the orders of the
> court which [was] administering the trust property." In other words,
> the party bringing suit would be able to "obtain [an] advantage over
> the other claimants" as to the distribution of "the assets in the
> receiver's hands." The Court further observed that if the judgment
> "were recovered outside the territorial jurisdiction" of the court
> administering the trust assets (i.e., the appointing court), that court
> would be "impotent" to prevent enforcement of the judgment. Thus,
> requiring a party with claims against the receiver to obtain
> permission from the appointing court before filing suit in another
> jurisdiction would prevent the "usurpation of the powers and duties
> which belonged exclusively to [the appointing] court" and protect
> "the duty of that court to distribute the trust assets to creditors
> equitably and according to their respective priorities."

*In re VistaCare Grp.*, 678 F.3d at 224-25 (citations omitted) (quoting *Barton*, 104 U.S. at

128-29; 130). The purpose of *Barton* in the context of bankruptcy, then, is to (1) ensure a

12

consistent and equitable administration of the receivership or estate property; (2) protect against

judgments entered outside the purview of the bankruptcy court; and (3) prevent usurpation of

powers and supervisory duties which exclusively belong to the bankruptcy court. *See id.*

With those principles in mind, the Court finds that *Barton* applies to protect the Trustees.

In so ruling, the Court notes this finding will contribute to the "consistent and equitable"

administration of the Trust. *Id.* By filing their litigation in a state court, the Plaintiffs sought to

affect the administration and distribution of the bankruptcy estate without the involvement of this

Court, risking the impermissible diminution of trust assets available to other claimholders. This

is the precise scenario that the *Barton* doctrine is designed to prevent. Allowing lawsuits to

proceed against litigation trustees in other courts may well lead to trust assets being drained to

pay off particular claimants, resulting in an inconsistent and inequitable result for those plaintiffs

whose interests the litigation trust was created to protect. *See id.* The *Barton* doctrine applies to

the Plaintiffs' Complaint, and Plaintiffs were required to obtain permission from this Court

before bringing suit against the Defendant in state court.

The Plaintiffs' suit is, of course, now before this Court. Courts are split on whether

*Barton* requires this Court to dismiss an unauthorized action brought against its appointee and

removed to this Court. *Compare In re Summit Metals, Inc.*, 477 B.R. at 497–98 (holding that "the

*Barton* doctrine require[s] dismissal of an unauthorized action against a trustee, even after the

case [is] removed to the [appointing] bankruptcy court") *with In re Harris*, 590 F.3d 730, 742

(9th Cir. 2009) (holding that "the *Barton* doctrine is not a ground to dismiss a suit that is

proceeding in the appointing bankruptcy court," even if the suit was initially improperly filed in

state court). There is no binding precedent in this Circuit.

Upon due consideration, the Court determines that the proper course of action is to dismiss the Plaintiffs' complaint without prejudice, because the Plaintiffs failed to seek leave of this Court before filing the instant lawsuit. As the Court with exclusive jurisdiction over this matter, this Court is empowered to prevent suits from being brought against the Trustees *or* allow such suits to go forward. It follows that this Court may either dismiss an unauthorized complaint against the Trustees with prejudice *or* determine that such a claim may be brought—if authorized.

While some courts have found that improperly filing an action in state court may not be cured by removal to the appointing court, this Court views that position as somewhat contrary to the purpose of the doctrine itself. It would be illogical for this Court, as the court with familiarity regarding the Trustees' role and duties under the Plan, to be foreclosed from hearing matters relevant to the Trustees' conduct and performance simply because those matters were brought by Plaintiffs in state court. *See In re VistaCare Grp.*, 678 F.3d at 233 (discussing the appointing bankruptcy court as "uniquely situated to determine whether a claim against the trustee has merit…[and] uniquely situated to determine the potential effect of a judgment against the trustee.").

One of the rationales behind the *Barton* doctrine is that it provides notice of potential malfeasance by trustees to the appointing court, and facilitates effective and centralized supervision of that court's appointee. *See In re VistaCare Grp.*, 678 F.3d at 230 ("requiring prospective plaintiffs to set forth to the bankruptcy court the basis of their claims against the trustee would allow the bankruptcy court to monitor the work of the trustee more effectively, and ensure that the trustee is satisfying his obligations."). Such a purpose could not be fulfilled if this

Court were barred from taking action to supervise its appointee because Plaintiffs originally filed in an incorrect forum.

## 3.      Two of the Three Plaintiffs Lack Standing

To have standing to bring this complaint, the Plaintiffs must "meet the requirements for standing that litigants in all federal cases face under Article III of the Constitution." *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (en banc). One of those requirements is that the plaintiff have suffered an injury-in-fact, which is an "invasion of a legally protected interest." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). In an action against a trustee for breach of fiduciary duty, "[t]he nature and extent of [a plaintiff's] interest as a beneficiary" determines "whether that interest can form the basis of a federal suit." *Scanlan v. Eisenberg*, 669 F.3d 838, 842 (7th Cir. 2012).

The Trustees contend that Plaintiffs Richard Smith and Larry Garrett lack standing because they are not beneficiaries, and therefore do not have the kind of "interest that can form the basis of a federal suit." *See id.* The Trustees' conclusion that these plaintiffs are not beneficiaries of the Trust is premature. As pointed out by the Trustees, the tort claims pursued by Messrs. Smith and Garrett have not yet been resolved definitively, and neither has the issue of whether they are beneficiaries of the Trust. That does not mean, however, that Messrs. Smith and Garrett have standing at this point to pursue fiduciary claims against the Defendants in this Court.

Until the tort claims process has been definitively resolved by the Plaintiffs' exhaustion of the procedures required by the Trust, the "the nature and extent of [their] interest[s]" as beneficiaries—if any—is purely conjectural. *See id.* A "conjectural or hypothetical" injury does not suffice for Article III standing. *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d

Cir. 2005). *See also Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (holding that a plaintiff's beneficial interest in a trust was too speculative to form a sufficient basis for standing). While Messrs. Smith and Garrett may yet show that they are beneficiaries of the Trust, the "viability and scope of [their] interest is uncertain, [and] any alleged injury to that interest is too conjectural to confer standing upon [them]." *Marin v. Leslie*, 337 F. App'x at 219.

**4.     Trustees Have Not Shown That Plaintiffs' Claims Are Barred by *Res Judicata***

Trustees further argue that the Plaintiffs' complaint should be dismissed with prejudice because it is barred by *res judicata*. The Trustees point to the relief sought by Plaintiffs, such as removal of all three Trustees and appointment of a single receiver, as an attempt to "undo the Confirmation Order." Defendant's Memo in Support of Motion to Dismiss [Docket No. 82 at 17]. The Trustees contend that this issue is barred from consideration by the Court because "the time to question the Trustees' qualifications to serve and their business connections was during the confirmation hearing." *Id.* at 8.

The Plaintiffs' claims primarily address the conduct of the Trustees, not the circumstances of their appointment fifteen years ago. The Trustees argue that the *creation* of the Trust necessarily resolved—with preclusive effect—the issues that the Plaintiffs bring before the Court today. That is impossible. Plaintiffs' claims relate to the Trustees' post-appointment conduct, not their qualifications, because the Plaintiffs allege that the Trustees have breached their fiduciary duty *as Trustees*. They were not trustees before the creation of the Trust. "The affirmative defense of res judicata… requires that the party asserting such a bar bear the burden of showing that it applies." *United States v. Athlone Indus., Inc.*, 746 F.2d 977 (3d Cir. 1984). Defendants have failed to carry their burden.

16

## CONCLUSION

The Complaint is dismissed without prejudice, with 30 days to file an amended complaint.[5] The Complaint may be re-commenced in this Court as to Plaintiff Mark Little. Plaintiffs Richard Smith and Larry Garrett presently lack standing in this Court. The Trustees' Motion to Dismiss is granted. The Trustees' Motion to Strike is dismissed as moot. The Plaintiffs' Motion to Dismiss is denied. The Court will issue an Order consistent with these findings.

By the Court:

Dated: November 16, 2018

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

---

[5] Because the Court is dismissing the Plaintiffs' complaint on other grounds with leave to re-plead, it defers to further proceedings whether the Plaintiffs' now-dismissed complaint adequately pled that the Trustees violated the relevant standard of care.